UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ROSEN,<br><br>                            Plaintiff,<br>  vs.<br>BEATRICE NELSON,<br><br>                           Defendant. | CASE NO. 15-cv-1669-WQH (BGS)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion for leave to proceed *in forma pauperis* ("IFP") filed by Plaintiff Samuel Rosen.

    On July 28, 2015, Plaintiff Samuel Rosen commenced this action by filing a Complaint and the motion to proceed IFP. (ECF Nos. 1, 2).

    The Complaint alleges that Plaintiff filed a complaint in California Superior Court that "established a reasonable probability that it would prevail on its claims." (ECF No. 1 at 1). The Complaint alleges that Plaintiff's state court defamation claim "should not have been dismissed...." *Id.* "The state court erroneously determined that Defendant's libel, slander, and defamatory statements fell into a conduct in connection 'with a public issue or an issue of public interest,' because the statements provided 'consumer protection information.'" *Id.* at 3. "In this Complaint, Plaintiff's analysis is devoted to showing that there's 'conflict between California's anti-SLAPP statute and the Federal Rules of Civil Procedure and, therefore, the two regimes can NOT operate side-by-side in the same lawsuit." *Id.* The Complaint alleges that the California Anti-

SLAPP statute was "misused so that Plaintiff [was] denied his Civil Rights to protect his good name...." *Id.* at 1.

### I. Motion to Proceed IFP (ECF No. 1)

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In Plaintiff's accompanying affidavit, Plaintiff states that he is retired and receives $920 per month in pension, annuity, or life insurance payments. Plaintiff states that he has a cash, savings account, and checking account total of $175. Plaintiff states that his assets consist only of a 1991 Toyota 4Runner. Plaintiff states that his mortgage payment is $823 per month and that he has $14,000 in credit card debt.

After considering Plaintiff's motion and accompanying affidavit, the Court concludes that Plaintiff is entitled to proceed in forma pauperis. Accordingly, Plaintiff's motion to proceed in forma pauperis is granted.

### II. Initial Screening of the Complaint

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Plaintiff's Complaint is titled "Plaintiff Samuel Rosen's Complaint for matters arising 'under the Constitution, laws, or treaties of the United States' 28 U.S.C. § 1331. California Anti-SLAPP Satute misused so that Plaintiff [was] denied his Civil Rights

to protect his good name; 42 USC:1983 Civil Rights Act." (ECF No. 1 at 1). Plaintiff alleges that the California Superior Court misused the California Anti-SLAPP statute, California Code of Civil Procedure section 425.16, in dismissing Plaintiff's state court lawsuit.

"[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983)) (holding that *Rooker-Feldman* doctrine applies to state court interlocutory orders in addition to final state court judgments). "[T]his doctrine applies even where the challenge to the state court decision involves federal constitutional issues." *Id.* at 1029 (citation omitted). Plaintiff's Complaint, challenging a state court decision, is barred by the *Rooker-Feldman* doctrine. In addition, the Complaint fails to assert a plausible civil rights claim by alleging that Plaintiff was deprived of his right to bring a defamation lawsuit. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is dismissed without prejudice.

**III. Conclusion**

IT IS HEREBY ORDERED that the motion to proceed IFP (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court shall close the case.

DATED: July 29, 2015

**WILLIAM Q. HAYES**
United States District Judge